IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TRANSAMERICA PREMIER
LIFE INS. CO.,

      Plaintiff,

v.                                                          CASE NO. 1:19-cv-110-AW-GRJ

ANNIE COVERT, et al.,

      Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff Transamerica Premier Life

Insurance Company's Motion for Entry of Default and Default Judgment

against Ahmand White and William Johnson, to Interplead Funds, and for

Dismissal from this Action.  ECF No. 24.  This is a statutory interpleader

action under 28 U.S.C. § 1335 concerning various conflicting claims to the

disbursement of life insurance proceeds following the death of Theresa C.

Nelson.  The instant motion is ripe for consideration.  For the reasons

explained below, it is respectfully **RECOMMENDED** that Transamerica's

motion should be **GRANTED IN PART**.

## I.  BACKGROUND

Transamerica is the carrier of three insurance policies that insured Theresa C. Nelson's life.  Transamerica's predecessor in interest issued the first policy (No. 987A) on July 15, 1968.  ECF No. 1 at 4; ECF No. 1-1. Ms. Nelson named James Nelson as the sole beneficiary to the first policy's $500 death benefit, but he predeceased Ms. Nelson.  ECF No. 1 at 4. Transamerica's predecessor issued the second policy (No. 2470) on March 18, 1993.  ECF No. 1 at 4–5; ECF No. 1-2; ECF No. 1-3.  Ms. Nelson named Barbara Ann Hobbs as the sole beneficiary to the second policy's $1,000 death benefit, but she also predeceased Ms. Nelson.  ECF No. 1 at 5.  Lastly, Transamerica's predecessor issued the third policy (No. 3996) on January 1, 2003.  *Id.*; ECF No. 1-4; ECF No. 1-5.  Ms. Nelson named Barbara Ann Hobbs as the primary beneficiary to the third policy's $7,000 death benefit and Destiny Covert as the contingent beneficiary.  ECF No. 1 at 5–6.

In June 2008, Transamerica's predecessor received a designation of power of attorney executed by Ms. Nelson on February 21, 2006.  *Id.* at 6. The designation named Ms. Nelson's sister, Defendant Annie Covert, as her power of attorney.  *Id.*; ECF No. 1-6.  Ms. Nelson executed a similar

designation on November 22, 2011, but it was not provided to Transamerica until 2018.  ECF No. 1 at 6; ECF No. 1-7.

In December 2017, Transamerica received a change of beneficiary form, signed by Ms. Nelson on December 5, 2017, naming Annie Covert at the primary, irrevocable beneficiary for the three life insurance policies. ECF No. 1 at 6; ECF No. 1-8.  Transamerica successfully processed the request that same month.  ECF No. 1 at 6.  However, on May 31, 2018, Transamerica received a revocation of the 2011 power of attorney designation and a new designation dated May 18, 2018, naming Ms. Nelson's daughter, Defendant Cynthia Johnson, and Kim Frazier as Ms. Nelson's power of attorney.  *Id.* at 6–7; ECF No. 1-9.

Transamerica notified Ms. Nelson by letter dated June 6, 2018, that the 2018 designation was approved.  ECF No. 1 at 7; ECF No. 1-10.  On July 3, 2018, Ms. Johnson submitted a change of beneficiary form for Ms. Nelson's three life insurance policies, dated June 10, 2018, naming Ahmand White as the primary, irrevocable beneficiary and Ms. Johnson's daughter, Sarah Manning, as the contingent beneficiary.  ECF No. 1 at 7; ECF No. 1-11.

Shortly thereafter, on July 9, 2018, Annie Covert sent Transamerica a letter dated June 8, 2018, from Ms. Nelson's physician stating that Ms.

Nelson's medical conditions hindered her ability to make financial, medical, or other personal decisions for herself and Ms. Nelson's sisters, Annie Covert and Ruth Strawder, were her fulltime caregivers with power of attorney over her affairs. ECF No. 1 at 7; ECF No. 1-12. Annie Covert further included a revocation of power of attorney dated May 24, 2018, signed by Ms. Nelson, nullifying the May 18, 2018, designation. ECF No. 1 at 8; ECF No. 1-12. Ms. Nelson died on July 24, 2018. ECF No. 1 at 3.

On July 25, 2018, Transamerica sent a letter to Ms. Nelson's physician inquiring into Ms. Nelson's competency in May 2018 to sign the May 18, 2018, designation and the May 24, 2018, revocation. *Id.* at 8. On September 11, 2018, Ms. Nelson's physician sent a letter to Transamerica stating that Ms. Nelson was under his care from April 7, 2006, until her death in 2018, he last saw Ms. Nelson in his office on March 14, 2018, and during that visit he deemed Ms. Nelson medically incompetent as a result of her Stage 4 dementia. *Id.*; ECF No. 1-14.

Transamerica elected not to process the June 10, 2018, request to change the beneficiaries to Ms. Nelson's policies. ECF No. 1 at 8. This, according to Transamerica, left Annie Covert as the valid beneficiary of record for Ms. Nelson's policies at the time of her death. *Id.* Ms. Johnson has disputed the validity of the December 5, 2017, designation of power of

4

attorney and has claimed she, along with Kim Frazier, had power of attorney to submit the June 10, 2018, change of beneficiary request. *Id.*; ECF No. 1-15. Moreover, Transamerica asserts that if the December 5, 2017, and May 18, 2018, designations of power of attorney are invalid because Ms. Nelson was incompetent, Ms. Nelson's estate or surviving children (Cynthia Johnson and William Johnson) are entitled to the death benefits from the first and second policies and Destiny Covert is entitled to the death benefit from the third policy (as the contingent beneficiary). ECF No. 1 at 9.

Faced with these competing claims, Transamerica initiated this statutory interpleader action on June 14, 2019. ECF No. 1. Transamerica named Annie Covert, Destiny Covert, Cynthia Johnson, William Johnson, Sarah Manning, and Ahmand White as defendants, *id.*, all of whom were served with Transamerica's Complaint, ECF Nos. 6, 8, 10, 14, 17, 18. Defendants Annie Covert, Destiny Covert, and Cynthia Johnson have responded to the Complaint and are proceeding *pro se.* ECF Nos. 7, 15, 22.

At Transamerica's request, the Clerk entered a default against Defendants Ahmand White and William Johnson because Mr. White and Mr. Johnson failed to respond to the Complaint after proper service and the

5

time for doing so had passed.  ECF Nos. 25, 26.  Although Defendant

Sarah Manning has also failed to timely respond to the Complaint,

Transamerica has not moved for default or default judgment against her

because she is currently enlisted in the military and therefore entitled to the

protections of the Servicemembers Civil Relief Act, 50 U.S.C. § 3931.  ECF

No. 25 at 3 n.1.

Transamerica requests in its instant motion that the Court (1) enter a

default judgment against Mr. White and Mr. Johnson; (2) grant

Transamerica leave to deposit the sum of the life insurance benefits at

issue in this case (plus any interest) with the Clerk of Court; (3) enter an

order discharging Transamerica of all liability for any of Defendants'

potential claims pertaining to the insurance benefits, enjoining Defendants

from prosecution of their potential claims against Transamerica now or in

the future, and dismissing Transamerica from further proceedings in this

case; and (4) award Transamerica its court costs and attorney's fees in

connection with this case from the sum of the life insurance benefits.  ECF

No. 24.  Ms. Johnson is the only defendant to respond to Transamerica's

motion.  ECF No. 27.

## II. STATUTORY INTERPLEADER

The federal interpleader statute, 28 U.S.C. § 1335, invokes the Court's subject-matter jurisdiction. *Watson v. Cartee*, 817 F.3d 299, 303 (6th Cir. 2016); *Franceskin v. Credit Suisse*, 214 F.3d 253, 259 (2d Cir. 2000); *Commercial Union Ins. Co. v. U.S.*, 999 F.2d 581, 584 (D.C. Cir. 1993). Therefore, before reaching the relief Transamerica requests in the instant motion, the undersigned must address the threshold issue of whether this case is properly before the Court as a statutory interpleader action. That is, has Transamerica met its burden to prove the requirements of § 1335 are satisfied? *Orseck, P.A. v. Servicios Legales De Mesoamerica S. De R.L.*, 699 F. Supp. 2d 1344, 1349 n.5 (S.D. Fla. 2010); *see also McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."); *Madison Stock Transfer, Inc. v. Exlites Holdings Int'l, Inc.*, 368 F. Supp. 3d 460, 473 (E.D.N.Y. 2019) ("Under both rule and statutory interpleader, the party bringing the interpleader claim bears the burden of meeting the respective requirements.").

"Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's

rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." *In re Mandalay Shores Coop. Hous. Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994). The federal interpleader statute grants district courts "original jurisdiction of any civil action of interpleader or in the nature of interpleader" only when two or more adverse claimants of diverse citizenship assert claims to a "note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more" and the plaintiff has deposited the subject funds or property into the court registry. 28 U.S.C. § 1335; *see also McBride v. McMillian*, 679 F. App'x 869, 871 (11th Cir. 2017).

There is no question here that Ms. Nelson's life insurance benefits exceed $500 and that Transamerica is a disinterested stakeholder with no interest in those benefits. Indeed, this case is the archetypal interpleader action brought by an insurer faced with conflicting claims to insurance proceeds. *See Primerica Life Ins. Co. v. Braswell*, No. 5:17-cv-330-Oc-PRL, 2017 WL 5631517, at *2 (M.D. Fla. Nov. 22, 2017) ("This practice is particularly common in cases involving competing claims to life insurance proceeds where the interpleading insurers—as disinterested stakeholders—deposit the res into the court's registry and request immediate dismissal from the action."); *Orseck*, 699 F. Supp. 2d at 1349

8

(same).  Transamerica has also pledged to deposit the sum of the insurance proceeds ($8,500.00 plus interest) into the court registry once it is granted the requisite leave to do so.  ECF No. 24 at 11; Fed. R. Civ. P. 67.

The limited record before the Court presents a more difficult question as to whether there are two or more adverse and diverse claimants.  The Court concludes nevertheless that Transamerica has also satisfied this central requirement to bringing a statutory interpleader action.  Section 1335 requires only "minimal diversity among the claimants, that is, at least one claimant must be of diverse citizenship from another claimant."  *Ohio Nat'l Life Assurance Corp. v. Langkau*, 353 F. App'x 244, 249 (11th Cir. 2009).  For the purpose of establishing diversity, citizenship of a particular state requires proof of residence and an intention to remain there indefinitely.  *Travaglio v. American Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).  As with other diversity actions, the citizenship of the parties is assessed at the time of filing.  *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991); *Sun Life and Health Ins. Co. (U.S.) v. Colavito*, 14 F. Supp. 3d 176, 181 (S.D.N.Y. 2014).

Transamerica pleaded in its Complaint that minimal diversity among the claimants was satisfied because Defendant Sarah Manning was a

9

Kansas citizen at the time of filing and the remaining Defendants were Florida citizens.  ECF No. 1 at 2–3.  Ms. Manning did not dispute this assertion.  ECF No. 24.  The only response to this jurisdictional allegation came from Defendant Cynthia Johnson (Ms. Manning's mother) who stated in her Answer that Ms. Manning was not a Kansas citizen at the time of Ms. Nelson's death.  ECF No. 15 at 1.  Ms. Johnson further stated that she is Ms. Manning's "dependent" and was only a citizen of Florida for "a short while" in 2018 to care for her ailing mother.  *Id.*

Although Ms. Johnson's statements about her and Ms. Manning's states of citizenship prior to the initiation of this case in June 2019 are inconsequential because the relevant time for determining jurisdiction is at filing, Transamerica supplemented its jurisdictional allegations with sworn declarations from its counsel and her paralegal.  ECF Nos. 24-1, 24-2.  As it turns out, Ms. Manning obtained a Texas driver's license on December 11, 2018, and utility services at Fort Sam Houston on February 23, 2019.  ECF No. 24-2 at 2.  Moreover, Ms. Johnson informed Transamerica's counsel on August 1, 2019, that she relocated to Texas with Ms. Manning, ECF No. 24-1 at 4, and Ms. Johnson was served with the Complaint there on August 27, 2019, ECF No. 14.

10

In view of this supplemental evidence, which is uncontested by the other Defendants, the Court concludes that Transamerica has met its burden to prove Ms. Manning and Ms. Johnson are domiciled in Texas and minimal diversity is satisfied. *McCormick*, 293 F.3d at 1258; *Simmons v. Skyway of Ocala*, 592 F. Supp. 356, 359 (S.D. Ga. 1984). Transamerica has therefore demonstrated that the Court has subject-matter jurisdiction over this interpleader action under § 1335.

### III.  DEFAULT JUDGMENT AGAINST AHMAND WHITE AND WILLIAM JOHNSON

Transamerica first requests that the Court enter a default judgment against Defendants Ahmand White and William Johnson pursuant to Federal Rule of Civil Procedure 55.[1]  Rule 55 authorizes the Court to enter a default judgment against a party who has failed to plead in response to a complaint, and the Court may take into account affidavits and such other evidence as it deems necessary.  Fed R. Civ. P. 55.  Further, "[T]he [C]ourt may conduct hearings or make referrals … when to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D)

---

[1] Transamerica initially requested in its motion for the contemporaneous entry of a Clerk's default and default judgment against Mr. White and Mr. Ahmand.  ECF No. 24 at 9–10.  The Court separately resolved Transamerica's motion for Clerk's default on December 2, 2019, so as to comply with Rule 55's two-step requirement for default and default judgment.  ECF No. 25.  The Clerk's default was entered that same day.  ECF No. 26.

investigate any other matter." Fed. R. Civ. P. 55(b)(2). A hearing is not necessary, however, if a party submits sufficient evidence to support the request for damages. *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

Rule 55 is available in an interpleader action where a claimant who has been properly served fails to file a response. *Sun Life Assurance Co. of Canada, (U.S.) v. Conroy*, 431 F. Supp. 2d 220, 226–27 (D.R.I. 2006); *see also Balfour Beatty Constr., LLC v. New Era Lending, LLC*, No. 6:16-cv-1804-Orl-40TBS, 2017 WL 3971438, at *4 (M.D. Fla. Sept. 8, 2017); *Protective Life Ins. Co. v. Tinney*, No. 2:14-cv-02251-TMP, 2015 WL 1402464, at *4 (N.D. Ala. Mar. 25, 2012); *Unicare Life & Health Ins. Co. v. Galvan*, No. 1:11-cv-61-SPM-GRJ, 2011 WL 6258845, at *1 (N.D. Fla. July 15, 2011), *report and recommendation adopted*, 2011 WL 6258822, at *1 (Dec. 15, 2011). "The default necessarily forfeits any claim to the res by the defaulting defendant as part of a final distribution of the res." *Tinney*, 2015 WL 1402464, at *4.

Mr. White was personally served with Transamerica's Complaint on October 22, 2019. ECF No. 17. Mr. White, who is neither a minor, incompetent, nor a servicemember, failed to respond and the time for doing so has long passed. ECF No. 24-2 at 3. Upon Transamerica's motion, the

Clerk entered a default against Mr. White in this action on December 2, 2019.  ECF No. 25.  Transamerica does not seek affirmative relief from Mr. White that would require a hearing on the instant motion for default judgment.  ECF No. 24 at 9–10.

Mr. Johnson was personally served with Transamerica's Complaint on July 30, 2019.  ECF No. 8.  Mr. Johnson, who is neither a minor, incompetent, nor a servicemember, failed to respond and the time for doing so has long passed.  ECF No. 24-2 at 3.  Upon Transamerica's motion, the Clerk entered a default against Mr. Johnson in this action on December 2, 2019.  ECF No. 25.  Transamerica does not seek affirmative relief from Mr. Johnson that would require a hearing on the instant motion for default judgment.  ECF No. 24 at 9–10.

A default judgment against Defendants Ahmand White and William Johnson is therefore due to be entered.  Any claims by Mr. White and Mr. Johnson to the interpleaded funds should be dismissed and they should not be permitted to interpose any future claims to the funds Transamerica seeks to deposit into the court registry.

## IV.  LEAVE TO DEPOSIT FUNDS

Transamerica next seeks leave from the Court to deposit Ms. Nelson's life insurance proceeds, plus interest, into the court registry.  Rule

67 requires a party who wishes to deposit with the Court "all or part of the money or thing" sought in a case to provide notice to every other party and to obtain leave from the Court.  Fed. R. Civ. P. 67(a).

Because deposit of the res into the court registry is a statutory requirement of an interpleader action, and Transamerica has satisfied the other jurisdictional requirements under § 1335, Transamerica's motion for leave is due to be granted.  Transamerica should be authorized to deposit the life insurance benefits for Policy No. 987A, Policy No. 2470, and Policy No. 3996, which insured decedent Theresa C. Nelson, plus any applicable interest, into the court registry by check payable to the Clerk of the United States District Court delivered to the Clerk's Office of the Gainesville Division.  The sum will remain in the court registry until disbursed pursuant to the Court's final judgment.

## V.  DISCHARGE FROM THIS CASE AND ENJOINING FURTHER PROCEEDINGS BY CLAIMANTS

Transamerica further moves for an order discharging Transamerica of all liability for any of Defendants' potential claims pertaining to the insurance benefits, enjoining Defendants from prosecution of their potential claims against Transamerica now or in the future, and dismissing Transamerica from further proceedings in this case.  ECF No. 24 at 13–14. In a statutory interpleader action, once the plaintiff deposits the funds with

14

the court registry, "all legal obligations to the asset's claimants are satisfied" and the district court should enter a "discharge judgment on behalf of the stakeholder[.]"  *In re Mandalay Shores*, 21 F.3d at 383. Section 2361 affords the district court with the discretion to permanently enjoin claimants from instituting or prosecuting any further proceedings against the stakeholder concerning the property involved in an interpleader action.  28 U.S.C. § 2361; *McBride*, 679 F. App'x at 871–72.

After Transamerica has deposited the life insurance proceeds into the court registry it will have fulfilled its obligations and should be dismissed from the action and discharged from all further liability relating to the remaining proceeds.  Plaintiff's motion requesting this relief under §§ 1335 and 2361 is therefore due to be granted.[2]

## VI.  ATTORNEY'S FEES

Lastly, Transamerica requests an award of its attorney's fees and costs deducted from the amount deposited in the court registry.  ECF No. 24 at 11, 14.  Federal law does not provide for an award of attorney's fees or costs in a statutory interpleader action, and Transamerica does not

---

[2] In light of this case's brief procedural history and the numerous remaining claimants, the Court finds it would be premature to order a particular realignment of the claimants at this juncture.  *State Farm Life Ins. Co. v. Jefferson*, No. CV 116-085, 2017 WL 2198179, at *3 (S.D. Ga. May 18, 2017).

argue otherwise.  *Id.* at 11.  Transamerica instead relies on the Eleventh

Circuit's recognition of a district court's general authority to award

attorney's fees and costs against the interpleader fund to a plaintiff who

initiates an interpleader action as a mere disinterested stakeholder.

*Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1497 (11th Cir. 1986).

Transamerica fails to address a well-recognized exception to this

general rule.  The Eleventh Circuit has held that attorney's fees are not

warranted "when a stakeholder's interpleader claim arises out of the normal

course of business."  *In re Mandalay Shores*, 21 F.3d at 383.  As the court

explained there:

> The principle behind the normal-course-of-business standard is simple: an insurance company, for example, avails itself of interpleader to resolve disputed claims to insurance proceeds— disputes that arise with some modicum of regularity.  In a sense, the insurance company will use interpleader as a tool to allocate proceeds and avoid further liability.   As the costs of these occasional interpleader actions are foreseeable, the insurance company easily may allocate the costs of these suits to its customers.  Unlike innocent stakeholders who unwittingly come into possession of a disputed asset, an insurance company can plan for interpleader as a regular cost of business and, therefore, is undeserving of a fee award.

*Id.*  District courts in the Eleventh Circuit have routinely denied insurance

companies' requests for fees and costs in interpleader actions where the

companies fail to demonstrate that the action was not part of its regular

course of business or is otherwise extraordinary.  *See, e.g.*, *Life Ins. Co. of*

16

*N. Am. v. Williams*, No. 1:15-cv-62-ELR, 2015 WL 10961833, at *3 (N.D. Ga. May 22, 2015); *Chesapeake Life Ins. Co. v. Tweedy*, No. 5:13-cv-372 (MTT), 2014 WL 12703723, at *1 (M.D. Ga. Jan. 27, 2014); *N. Am. Co. for Life and Health Ins. v. Dye*, No. 3:11-cv-1234-J-34MCR, 2012 WL 4760907 at **2–3 (M.D. Fla. Aug. 24, 2012), *report and recommendation adopted*, 2012 WL 4760886, at *1 (Oct. 5, 2012); *Midland Nat'l Life Ins. Co. v. Fredricksen*, No. 3:09-cv-198-MCR-MD, 2009 WL 10674046, at *3 (N.D. Fla. Dec. 24, 2009); *Am. Gen. Life Ins. Co. v. Soule*, No. 8:08-cv-1357-T-23EAJ, 2008 WL 4790654, at *3 (M.D. Fla. Oct. 27, 2008); *Life Inv'rs Co. of Am. v. Childs*, 209 F. Supp. 2d 1255, 1256–57 (M.D. Ala. 2002).

As explained above, this case fits the mold of a typical interpleader action brought by an insurer faced with conflicting claims to insurance proceeds, and Transamerica does not attempt to argue this case is outside its normal course of business or otherwise an extraordinary endeavor.  The Court should not deplete the limited interpleader fund available here without such a showing.  Accordingly, Transamerica's request for attorney's fees and costs is due to be denied.

## VII. CONCLUSION

Accordingly, it is respectfully **RECOMMENDED** that:

1.   Plaintiff's Motion for Entry of Default and Default Judgment against Ahmand White and William Johnson, to Interplead

Funds, and for Dismissal from this Action, ECF No. 24, should be **GRANTED IN PART**.

2.  The **CLERK** should be **DIRECTED** to enter a default judgment against Defendants Ahmand White and William Johnson foreclosing any claim either defendant may have to the interpleaded funds deposited into the court registry.

3.  Transamerica should be **DIRECTED** to deposit the life insurance benefits for Policy No. 987A, Policy No. 2470, and Policy No. 3996, which insured decedent Theresa C. Nelson, plus any applicable interest, into the court registry by check payable to the Clerk of the United States District Court delivered to the Clerk's Office of the Gainesville Division **within fourteen (14) days of the Court's order adopting this report and recommendation**.

4.  Defendants Annie Covert, Destiny Covert, Cynthia Johnson, Sarah Manning, Ahmand White, and William Johnson, their officers, agents, servants, and attorneys and those in active concert or participation with them who receive actual notice of the Court's order adopting this report and recommendation should be **ENJOINED** from instituting any action or actions in any court against Transamerica arising out of or relating to any claim or claims with respect to the life insurance benefits for Policy No. 987A, Policy No. 2470, and Policy No. 3996, which insured decedent Theresa C. Nelson, and any applicable interest.

5.  Transamerica should be **DISMISSED** from this action after it deposits the interpleaded funds, plus any applicable interest, into the court registry, and should be fully and finally **DISCHARGED** from all further liability as to any and all claims arising out or relating to the life insurance benefits for Policy No. 987A, Policy No. 2470, and Policy No. 3996, which insured decedent Theresa C. Nelson.

6.   Transamerica's request for an award of its attorney's fees and costs deducted from the interpleaded funds deposited in the court registry should be **DENIED**.

**IN CHAMBERS** this 6th day of January 2020.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.